Novosel v. NH Parole Board          CV-01-446-B          09/06/02

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Victor Novosel

v.                                    Civil No. 01-446-B
                                      Opinion No. 2002 DNH 178

New Hampshire Parole
Board, et al.


MEMORANDUM AND ORDER

I grant defendants' motion for summary judgment for the following reasons:

1.  To the extent that Novosel bases his claims on alleged changes in his classification status in 1984 and 1997, his claims are time-barred because he failed to file his habeas corpus petition within one year of the date that the decisions became final.  See 28 U.S.C. 2241(d) (establishing one year statute of limitations for habeas corpus claims).

2.  In any event, Novosel has failed to state a viable due process claim based on the alleged changes in his custody status because state law does not give him a right to any particular custody status and a change in custody status is not the type of "atypical and significant hardship" from which a prisoner is

entitled to protection under the due process clause. <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995).

3. Novosel's claim that the Parole Board improperly denied him parole in violation of his right to substantive due process fails for several reasons. First, he lacks a protectable liberty interest in parole. <u>See</u> <u>Stone v. Hamel</u>, CV-91-385-B (March 8, 1994) (attached). Therefore, he cannot challenge the Parole Board's rulings under the due process clause. Second, he has produced no evidence to support his claim that the Parole Board failed to adhere to the laws and regulations governing parole that were in effect when he committed his offense. Thus, even if a deviation from these laws and regulations could give rise to a due process claim, Novosel has failed to identify any persuasive evidence to support such a claim. Finally, the evidence demonstrates that the Parole Board reasonably decided to deny him parole because it appropriately determined that he was not a suitable candidate for immediate parole given his need to first spend a significant amount of time at a reduced custody status.

4. Novosel's equal protection claim fails because he has not produced enough evidence in support of his claim to permit a rational fact finder to conclude that either the Department of

-2-

Corrections or the Parole Board intentionally discriminated against him because of nationality.

The motion for summary judgment (document no. 14) is granted.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

September 6, 2002

cc:   Victor Novosel, pro se
      Mary Schwarzer, Esq.